KIMBALL FRUIT COMPANY, Plaintiff, v. NEW YORK CENTRAL RAILROAD COMPANY and Another, Defendants.

City Court of New York, New York County, June 29, 1931.

*Theodore L. Bailey*, for the plaintiff.

*Lord, Day & Lord* and *James S. Hemingway*, for the defendant Anchor Line (Henderson Bros.), Ltd.

*C. C. Handy* and *William Mann*, for the defendant New York Central Railroad Company.

STEUER, J. Plaintiff shipped 148 barrels of apples marked " Keco " and 114 barrels of pears marked " Kfco " from Germantown, Penn., over the lines of the defendant, the New York Central Railroad Company, to New York city. Defendant railroad also agreed to deliver the shipment on its lighter to the steamer *California*, belonging to the defendant Anchor Line. Plaintiff's instructions to defendant railroad were that the barrels should be shipped in the refrigerator of the steamship. The plaintiff also provided for the passage on the *California* and received a bill of lading from defendant Anchor Line providing that the barrels of pears were to be carried in the refrigerator, but making no such provision as to the apples. The steamship company was informed as to the marks on the barrels above set out. The shipment arrived at the steamer's side on the same lighter with another shipment of 202 barrels of apples. The steamship company's employees were unable to recognize the difference between the apples and the pears, and requested the captain of the lighter to designate. They claim he did so, and that the barrels were transported as he directed. The captain was most unfortunate in his designation, and only 19 of the 114 barrels were designated for the refrigerator, and the balance due to lack of refrigeration, were utterly worthless upon arrival of the steamer at its destination. Upon this state of facts, plaintiff sues both carriers. As to defendant Anchor Line, a good cause of action is shown. This company agreed to transport the pears in its refrigerator. It did not do so. Unless it can excuse itself from this failure to carry out its contract, it is responsible. It claims that the errors of the lighter captain relieve it. The error relied upon is the failure to properly give instructions for forwarding in refrigerator compartments. This is not a good defense. The difference in the marking of the barrels was sufficient to have

enabled the company, by consulting a duplicate of its own bill of lading, to determine which barrels were apples and which pears.

As to the railroad company, no cause of action is made out against it. It delivered the shipment as required. It is true that the captain, undoubtedly, did not comply with the instructions as to designating the barrels for refrigeration, and confused a portion of the 202-barrel shipment with the shipment in question in this case. However, even if they had been kept separate, the situation, while it might have been assisted, would not have been cured, because his instructions were to designate 148 barrels of apples and 114 barrels of pears for refrigeration, and the steamship company would then have been obliged to select the pears from the apples. While their field of error would have been reduced had this been done, still it presents no ground on which to predicate liability. There is no proof as to how the 202 barrels were marked and no reason to believe that they were indistinguishable from the other shipment. As to any liability over from the railroad company to the steamship company, on the proof presented, any claim for damages would be too speculative to admit of determination.

Judgment for the plaintiff against Anchor Line (Henderson Bros.), Ltd., for $894.09 and $257.59 interest. Complaint dismissed as to defendant the New York Central Railroad Company. Defendant has fifteen days' stay of execution and thirty days to make a case.